983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re John Clifford HOWREN; Vickie Hall Howren, Debtors.
STRATUS ACQUISITION CORPORATION, Plaintiff-Appellee,
v.
John Clifford HOWREN, Defendant-Appellant.
 No. 92-5463.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 John Clifford Howren, represented by counsel, appeals the district court's order affirming the Bankruptcy Court's decision in this adversary proceeding. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, the parties have filed a joint request to waive oral argument.
 
 
 2
 Howren is a debtor in a Chapter 7 proceeding pending in the United States Bankruptcy Court for the Eastern District of Tennessee. Stratus Acquisition Corporation is a creditor holding a $358,654.35 judgment. Stratus filed an adversary proceeding in the Bankruptcy Court claiming that it extended credit to Howren in reliance upon a personal financial statement which was false and that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(B). The Bankruptcy Court held that Stratus did carry its burden of proof under the statute. See Grogan v. Garner, 111 S.Ct. 654, 661 (1991). The district court agreed with the Bankruptcy Court's decision.
 
 
 3
 On appeal, Howren argues that the Bankruptcy Court applied the wrong legal standard to find that Stratus reasonably relied on the financial statement, and that the Bankruptcy Court's finding that Stratus received Howren's personal financial statement prior to extending credit is clearly erroneous.
 
 
 4
 Upon consideration, we affirm the district court's order for the reasons stated by the Bankruptcy Court decision dated October 4, 1991, which the district court adopted in its March 30, 1992, decision. Rule 9(b)(3), Rules of the Sixth Circuit.